## Pictorial Review Company v. Smith.

(Decided December 14, 1927.)

### Appeal from Harlan Circuit Court.

1. **Sales.**—In suit for price of goods sold, evidence that after suit was instituted, plaintiff took inventory of defendant's stock of goods on hand and executed a credit receipt showing that defendant was entitled to credit according to terms of contract, providing

that on termination of contract defendant might return all salable goods and plaintiff would pay defendant three-fourths of purchase price, and that defendant had shipped goods back without receiving acknowledgment held competent evidence justifying peremptory instruction for defendant on counterclaim for amount stated in the receipt.

2. Sales.—Where contract provides for return of goods on termination of contract and that seller will pay portion of original purchase price, seller may waive any rights arising from buyer's failure to return the goods within reasonable time after termination of contract.

3. Judgment.—In suit for price of goods, wherein defendant counterclaimed for amount which defendant alleged plaintiff had agreed to pay for goods returned, defendant's recovery on counterclaim held limited to amount sought under pleadings, notwithstanding proof showed that she was entitled to more.

4. Appeal and Error.—Where defendant was entitled to judgment for $279.99 only on counterclaim in suit to recover price of goods, rendering judgment for $343.97 held reversible error, since the excess was substantial in view of amount defendant was entitled to recover.

LEE & SNYDER for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On May 2, 1921, the appellant and appellee entered into a contract, by the terms of which the appellee was to handle certain articles sold by the appellant. The articles consisted largely of patterns, and under the terms of the contract it was agreed that appellee, at the termination of the contract, might return all patterns in salable condition purchased from appellant, and that appellant would pay to appellee within 30 days after the receipt of the patterns three-fourths of the price which appellee had paid appellant for them originally. The contract was to run for one year, but at its termination it was renewed for a period of 3 years. Appellee fell behind in her payments, and appellant ceased to fill her orders in the latter part of 1923. She failed to pay what appellant claimed was due, to wit, $230.01, whereupon this suit was instituted to recover that sum from her. She pleaded payment in her answer and also made counterclaim against the appellant alleging that it was indebted to her in the sum of $510 by reason of the provision in the

contract that she had the privilege of returning salable patterns.

Her plea of payment is not sustained, and the evidence established that she was indebted to the appellant in the sum of $230.01, and under the evidence the lower court should have instructed the jury to return a verdict in favor of appellant for this sum.

The court gave an instruction to the jury to find for appellee on her counterclaim, and this is the chief reason for complaint on the part of appellant. After the suit was instituted some representative of appellant visited the appellee and made an inventory of the goods which she had on hands. It was determined by that inventory that the appellee had on hands goods for which she was entitled to credit at the contract price in the sum of $516.60. When the inventory was made, the representative of the company executed a receipt to appellee showing this to be the amount to which she was entitled to credit, and that on the shipment to her of any goods she was entitled to a credit in that sum. The receipt which was executed to appellee by the representative of appellant shows, on its face, that it was subject to the approval of appellant at its home office in New York. These goods were shipped to appellant by express. Appellee did not receive any further shipment of goods from appellant, and she received no acknowledgment of the goods returned. There is no explanation about the matter in the evidence, and so far as the record discloses these goods were returned to the appellant. There is nothing to show whether it accepted the settlement or rejected it.

It is argued by counsel for appellant that all the evidence relating to this transaction was incompetent, but we do not agree with their position. It was certainly competent to have an inventory of the goods made, and appellee, under the terms of her contract, had the right to return the goods and receive credit. It is true that this was long after the termination of the contract, but appellant could waive any right that it had by reason of the failure of appellee to return the goods within a reasonable time after the termination of the contract. We do not know whether it accepted the goods, and we can only surmise as to why no acknowledgment was made by appellant of the receipt of the goods. After having sent a representative to check up on the matter, and after the goods were returned to it by appellee, some explanation should have been made of the transaction, if there was

any explanation. As the matter stood at the conclusion of the evidence, the lower court was justified in giving the peremptory instruction to find for appellee on the counterclaim. There is nothing to show that this transaction was an attempt or an offer to compromise as argued by appellant.

The verdict of the jury is against the evidence in that it did not allow the appellant credit for the full amount of its account. Under the pleadings and the evidence the jury should have returned a verdict for $510 in favor of appellee, less $230.01, or the finding for the appellee should have been $279.99. Instead of that the jury returned a verdict in favor of appellee for $343.97, which is $63.98 more than appellee was entitled to recover. This is substantially one-fourth of the amount that appellee was entitled to recover, and, while the sum is small when considered alone, it is large when considered in relation to the total amount that appellee was entitled to recover. The counterclaim of appellee sought to recover only $510, and that is the total sum under her pleadings that she could recover, although the credit to which she was entitled under the contract as shown by the evidence was $516.60.

If the evidence is the same on another trial, the court will instruct the jury to find for appellee on her counterclaim, less the sum of $230.01, the amount which she is indebted to appellant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.